

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

March 6, 1947

Hon. Jack C. Altares
County Attorney
Johnson County
Cleburne, Texas

Opinion No. V-64

Re:  Percentage of fines
     payable to County
     Attorneys and Con-
     stables.

Dear Mr. Altares:

Your recent request for an opinion is as follows:

"1.  Is the County Attorney's office entitled to a percentage of fines paid to the State or County in criminal cases over and above the $10.00 allowed the Attorney's office in the bill of court costs and if so in what amount?

"2.  What percentage of a fine collected in the County Court by a non-salaried constable should be paid to the Constable by the County Clerk, and what constitutes collecting a fine? Does a fine assessed on a plea of guilty in the County Court constitute collecting a fine by the Constable?"

With reference to your first question, Article 950, Code of Criminal Procedure, provides as follows:

"The district or county attorney shall be entitled to ten per cent of all fines, forfeitures or moneys collected for the State or county, upon judgments recovered by him; and the clerk of the court in which said judgments are rendered shall be entitled to five per cent of the amount collected."

The statute quoted is plain, clear and un-ambiguous. It specifically provides that a District

or County Attorney is entitled to ten (10%) per cent
of all fines, forfeitures or money collected for the
State or county, upon judgments recovered by him.
The commission so allowed is in addition to the fee
allowed by statute to such officer for obtaining the
judgment of conviction, which fee is regarded as
costs against the defendant in a criminal case. When-
ever the fine is paid in money to an officer auther-
ized to receive the same, such as a Justice of the
Peace, County or District Clerk, or other officer,
the officer so collecting the amount of the fine
should pay ten (10%) per cent of the amount collect-
ed to the County or District Attorney who obtained
the judgment in that particular case. (Art. 1061,
1068, C C.P.; also Arts. 7818, 1019, as amended in
1931, and 1027 as amended in 1933, V.C.C.P.; 19 Tex.
Jur., page 654, Sec. 11)

We have answered your first question in the
affirmative. In this connection, you are further ad-
vised that in all counties such as yours, where the
county officers are compensated on a salary basis, all
fees and commissions collected by the County Attorney
must be deposited in the Officers' Salary Fund of the
county. (Art. 3912e, V.A.C.S.) In those counties
whose officers are compensated on a fee basis, the
County Attorney may retain such fees and commissions,
but must account for them to the county as required
by the law governing officers in said counties.

The second paragraph of your request em-
braces three questions, two of which we have restat-
ed, and are as follows:

(a) Where a Constable, who is com-
pensated on a fee basis, collects a fine
assessed against a defendant upon convic-
tion in the county court, what percentage
of the fine is he entitled to receive from
the County Clerk?

(b) What constitutes collecting a
fine?

(c) Does a fine assessed on a plea
of guilty constitute collecting a fine?

Article 951, C.C.P., reads as follows:

"The Sheriff or other officer, ex-
cept a Justice of the Peace or his clerk,
who collects money for the State or county,
except jury fees, under any provision of
this Code, shall be entitled to retain five
per cent thereof when collected."

The answer to each of the above questions is
as follows:

(a) When a Constable, compensated on a fee
basis, actually collects a fine in instances where he
is authorized by law to do so, he is entitled to five
(5%) per cent of the amount collected, otherwise he
is not entitled to any commission whatsoever. If the
fine is paid by the defendant to the County Clerk, the
Constable does not collect it and, therefore, he would
not be entitled to any commission on the fine collect-
ed by the County Clerk. The commission allowed to a
Sheriff or Constable under the provisions of Article
951, supra, is for collecting the money due the State
or county and is to compensate him for his services in
making the collection. If the service is not render-
ed, he cannot collect any commission because he did
not render any service. This rule also applies to
the collection of all fees allowed county and precinct
officers. (Art. 365, P.C.)

(b) A fine is not collected within the mean-
ing of Article 951 until the amount thereof has been
paid in money to some officer authorized by law to col-
lect it. Such officer collecting the fine must account
for the same and otherwise comply with the provisions
of Articles 944-949, C.C.P. Your attention is also in-
vited to Articles 782-791, 917-920, C.C.P., and Article
781a, 1019 and 1027, V.C.C.P.

(c) In view of the foregoing, it is apparent
that your third question should be answered in the neg-
ative.

In furtherance of this discussion on commis-
sions allowed officers, we refer you to Article 934a,
Vernon's Penal Code. Section 9 thereof provides as
follows:

"All moneys collected under the pro-
visions of this Act, or because of fines
paid for violation of the commercial fish-

ing laws, shall be remitted to the Game, Fish and Oyster Commission at its office in Austin, Texas, not later than the tenth day of the month following their collection, and shall be deposited by the Game, Fish and Oyster Commission in the State Treasury to the credit of a special fund designated as 'Fish and Oyster Fund.'"

In an opinion numbered O-5334, a copy of which is enclosed herewith, it was held that all moneys collected under the provisions of Article 934a (Commercial Fishing Law), Vernon's Penal Code, or for fines paid for violations of this Article, must be remitted to the Game, Fish and Oyster Commission at its office in Austin, Texas. Neither the County Attorney, County Clerk, Sheriff, Constable or any officer is entitled to collect any commission on fines assessed and collected for violations of Article 934a.

## SUMMARY

1. A County Attorney is entitled to ten (10%) per cent of all fines collected for the State and county upon judgments recovered by him (Art. 950, C.C.P.), in addition to the fee allowed him for representing the State in misdemeanor cases. If compensated on a salary basis, such fees must be deposited in the Officers' Salary Fund pursuant to Article 3912e, V.A.C.S. If on a fee basis, such fees may be retained and accounted for in conformity with law.

2. Under Article 951, C.C.P., a Constable is entitled to five (5%) per cent of any money collected for the State and County, if he actually collects the money on which he claims five (5%) per cent.

3. No officer is entitled to a commission on fines assessed for violations of Article 934a (Commercial Fishing Law), Vernon's Penal Code.

4. A fine is not collected within the meaning of Article 951, C.C.P., until the

amount thereof has been paid in money to some officer authorized by law to collect it.

5. A fine assessed upon a plea of guilty does not constitute the collection of a fine within the meaning of Article 951, C.C.P.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Burnell Weldrep*
Burnell Weldrep
Assistant

BW:djm:lh

APPROVED: March 6, 1947

*Price Daniel*
ATTORNEY GENERAL